Travis Life SBN 236033
Email: tlife@lsglegal.com
Leavens, Strand & Glover, LLC
203 N. LaSalle St, Ste. 2550
Chicago, IL  60601
Phone: 312-488-4170
Fax:  312-488-4177

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROBINSON ALVAREZ IV,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT GARCIA,<br><br>Defendants. | **Case Number:**  16-CV-524<br><br>**Judge:**<br><br>**Magistrate Judge:**<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT** |

(JURY TRIAL DEMANDED)

<u>COMPLAINT FOR COPYRIGHT INFRINGEMENT</u>

Plaintiff John Robinson Alvarez IV files this complaint for copyright infringement against Defendant Robert Garcia, and states as follows:

<u>THE PARTIES</u>

1.     Plaintiff John Robinson Alvarez IV (hereinafter "Alvarez") is a citizen and resident of the State of California.

1

2.     Defendant Robert Garcia (hereinafter "Garcia") is a citizen and resident of the State of California.

## JURISDICTION AND VENUE

3.     This Court has original subject matter jurisdiction over the copyright claims in this case pursuant to 17 USC § 501(a), as amended.

4.     This Court has personal jurisdiction over Defendant Garcia because, upon information and belief, he is a resident and citizen of the State of California, and because he conducts business within this judicial district.

5.     Venue is proper pursuant to 28 USC §§ 1391 and 1400 because a substantial part of the events giving rise to the claim occurred in this judicial district and all defendants are residents of the State of Illinois.

## FACTUAL ALLEGATIONS

6.     Plaintiff Alvarez is professionally known as Jay Alvarrez and is in the business of creating photographs, audiovisual works, and writing about his travels and adventures with his travel companion Alexis Ren.

7.     Plaintiff Alvarez is a well known social media figure having over hundreds of thousands of views for his photographs and audiovisual works.

8.     Plaintiff Alvarez's photographs and audiovisual works have been featured in numerous blogs and website.

9.     Defendant Garcia also goes by the alias of Jordan Black.

10.     On or about February 22, 2016, Plaintiff Alvarez learned of his audiovisual works ("Works") being used on the internet service provider (ISP) Instagram via the website www.instagram.com/jordvnblack/

11.     These Works contain images of Plaintiff Alvarez and his travel companion traveling through Tahiti.

12.     The user of the website www.instagram.com/jordvnblack/ did not have permission to use any of Plaintiff Alvarez's Works.

13.     On February 22, 2016, Plaintiff Alvarez requested the ISP Instagram to remove Plaintiff Alvarez's Works pursuant to 17 U.S. Code § 512(c)(3).

14.     On March 7, 2016, ISP Instagram informed Plaintiff Alvarez that the owner of the website www.instagram.com/jordvnblack/ filed a counter-notification pursuant to 17 U.S. Code § 512(g)(2).

15.  On March 7, 2016, ISP Instagram informed Plaintiff Alvarez that the owner of the website www.instagram.com/jordvnblack/ was Robert Garcia.

## COUNT ONE

### Copyright Infringement

16.     Plaintiffs restate the above allegations of Paragraphs 1 through 15 as if set forth herein verbatim.

3

17.     Prior to February 22, 2016, Plaintiff Alvarez created Works of himself and travel companion traveling the world and experiencing adventures in their travels.

18.     Work is wholly original and copyrightable subject matter under the United States Copyright Act, and has economic value.

19.     Works have at all times been owned by Plaintiff Alvarez.

20.     None of the Works are in the public domain.

21.     On Marchs 18, 2016, Plaintiff Alvarez applied for a registration with the United States Copyright Office for the Works case number case number 1-3219402111, titled "Untitled French Polynesian Project."

22.     The Works are unpublished.

23.     The registration is made within five years of publication

24.     Plaintiff's copyright application within five years of publication establishes prima facie evidence of the validity of his copyright.

25.     From the date of creation, Plaintiff has held all the exclusive rights to the audiovisual works, including, without limitation, the rights to reproduce the images, to prepare derivative works, to distribute copies to the public, and to display the images publicly. 17 U.S.C. § 106.

26.     Plaintiffs are informed and believe that Defendant Garcia, operates,

4

and controls the website http://www.instagram.com/jordvnblack/ and sub uniform resource locators (hereinafter collectively the "Instagram Sites").

27.     Without authority of the copyright owner or the law, Defendant downloaded Plaintiff Alvarez's Works and then reproduced, displayed, distributed, and used the Works on the Instagram Sites on the Internet for Defendant's direct financial benefit.

28.     On information and belief, Defendant Garcia reproduced, displayed, distributed, and used the Works on the Instagram Sites.

29.     On information and belief, Defendant Garcia furthered his financial interest by displaying, distributing, and using the Works on the Instagram Sites.

30.     Defendant has not and has never been licensed to use the Works or any other works owned by Plaintiff.

31.     Defendant reproduced, publicly distributed, and displayed the Works with actual and/or constructive knowledge that he did not possess the copyrights to the Works.

32.     Plaintiffs are informed and believe that Defendant acted willfully, making Defendant liable for willful direct copyright infringement, pursuant to 17 U.S.C. §§ 106 et seq. and 501 et seq.

33.     Defendant's wrongful conduct has deprived Plaintiff of the benefit of

their exclusive right to distribute, copy, and sell the Works, and has deprived Plaintiff of the usual and customary licensing fee and royalties to which they would be entitled if the Work were properly licensed.

34. As a direct and proximate result of said willful infringement of Plaintiff's copyright Plaintiff has suffered actual damages and have incurred, and will in the future incur, attorneys' fees and costs of this action.

35. In the alternative, Plaintiffs are entitled to elect statutory damages. 17 U.S.C. § 504(c).

36. In addition, Plaintiffs are entitled to declaratory relief and injunctive relief and an award of attorneys' fees and costs of this action.

## COUNT II

### Right Of Publicity

37. Plaintiffs restate the above allegations of Paragraphs 1 through 14 as if set forth herein verbatim.

38. Defendant knowing used Plaintiff's image and likeness.

39. Defendant use of Plaintiff's image was to gain followers which would increase the value of Defendant's social media and permit financial advantages in the media market place.

40. Defendant's use of Plaintiff's image and likeness was without

6

Plaintiff's consent.

41.    As a direct and proximate result of said violation of Plaintiff's right of publicity, Plaintiff has suffered actual damages and has incurred, and will in the future incur, attorneys' fees and costs of this action.

42.    In the alternative, Plaintiffs are entitled to elect statutory damages. Cal. Civ. Code § 3344.  .

43.    In addition, Plaintiffs are entitled to declaratory relief and injunctive relief and an award of attorneys' fees and costs of this action.

## COUNT III

### Common Law Right Of Publicity

44.    Plaintiffs restate the above allegations of Paragraphs 1 through 14 as if set forth herein verbatim.

45.    Defendant used Plaintiff's identity when Defendant broadcasted Plaintiff's Work on Defendant's social media.

46.    Defendant's appropriation of Plaintiff's image and likeness for the Defendant's advantage, commercial or otherwise by gaining followers to his social media and adding value to this account.

47.    Plaintiff did not consent to Defendant's use of Plaintiff's image and likeness.

7

48.     As a direct and proximate result of said violation of Plaintiff's right of publicity, Plaintiff has suffered actual damages and has incurred, and will in the future incur, attorneys' fees and costs of this action.

## PRAYER FOR RELIEF

Plaintiffs respectfully requests that this Court:

A.     Enter a judgment against Defendants of willful infringement of Plaintiffs' rights in federally registered copyrights under 17 U.S.C. § 505;

B.     Enter an injunction preventing further infringement of Plaintiffs' copyrights;

C.     Award Plaintiffs an accounting of all profits derived by Defendants from the aforementioned acts complained of;

D.     Award Plaintiffs monetary damages, statutory and otherwise, and punitive damages, to the extent Plaintiffs' injuries are compensable in such manner, including but not limited to Plaintiffs' damages and Defendants' profits pursuant to 17 U.S.C. § 504(b) or in the alternative enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of copyright;

E.     Enter a judgement against Defendant of violation of the Plaintiff's right of publicity pursuant to Cal. Civ. Code § 3344.

E.     Order Defendants to pay the costs and disbursements of this action,

including attorneys' fees; and

      F.     For such other and further relief as the Court deems just and proper.

DATED:  March 18, 2016

Respectfully submitted,

LEAVENS, STRAND & GLOVER, LLC


By:   /s/Travis Life_____

Travis W. Life
203 N. LaSalle Street, Suite 2550
Chicago, IL 60601
(312) 488-4170
tlife@lsglegal.com

ATTORNEYS FOR PLAINTIFF JOHN
ROBINSON ALVAREZ IV